## Blumling v. Transamerica Insurance Company

*Henninger and Robinson*, for plaintiffs.
*Leo M. Stepanian*, for defendant.

DILLON, *J.*, December 17, 1980—On July 22, 1976 plaintiff, Janet Blumling, was a guest passenger in a truck operated by her husband. As a result of an accident she was injured. She received payment under defendant's basic no-fault coverage until March 5, 1979. Thereafter, defendant refused to honor her claims for medical expenses and lost earnings. She and her husband file this complaint in assumpsit for the no-fault benefits she claims are overdue, or in the alternative, denied without reasonable foundation.

Defendant has filed preliminary objections to the

complaint. The thrust of the objections are that under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., the matter must be decided by the court after hearing and finding of fact, and therefore, plaintiffs cannot file a complaint in assumpsit and request the case be heard by arbitrators.

Defendant relies on section 404 of the No-fault Act and on the case of Long v. Rockwood Insurance, 5 D. & C. 3d 457 (1978). However, Long stands only for the proposition that commencement of an action by petition and rule under section 404 is an allowable procedure. Long does not rule out a complaint in assumpsit.

Plaintiff suggests that sections 106(a), (b), and (c) and 107 of the act authorize them to proceed in assumpsit. This sentence from section 106(c) seems particularly applicable to the case at bar: ". . . If no-fault benefits have been paid for loss arising otherwise than from death, an *action* for further benefits, other than survivor's benefits, by either the same or another claimant; may be commenced not later than two years after the last payment of benefits." (Emphasis supplied.)

Based on that language, this court decides that a complaint in assumpsit is a proper method of instituting an action.

## ORDER

Now, December 17, 1980, based on the foregoing memorandum opinion, it is ordered that defendant's preliminary objections to the complaint in assumpsit be dismissed.

Defendant is granted 30 days to file its answer to the complaint.